UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMERCIAL LAW CORPORATION,
P.C.,

    Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION,

    Defendant.
                 /

Case No. 10-13275

District Judge Sean F. Cox

Magistrate Judge R. Steven Whalen

**OPINION AND ORDER**

For the reasons and under the terms stated on the record on January 12, 2012, Defendant's Second Motion to Compel and for Sanctions [Doc. #72] is GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

This involves Defendant's request for Plaintiff's electronically stored information, specifically data and metadata[1] related to attorney's lien documents prepared by Plaintiff or Plaintiff's counsel, and purportedly signed by the Director of Home Federal Savings Bank ("HFSB") on or about November 1, 2009. However, as placed on the record at the hearing on this motion, the Defendant has discovered and proffered information suggesting that these documents were in fact prepared in January of 2010, after Defendant FDIC became the receiver for HFSB, and back-dated. If true, this would show fraud, and

---

[1] Metadata has been defined as "information about a particular data set which describes how, when, and by whom it was collected, created, accessed, or modified and how it was formatted." *Williams v. Sprint/United Management Co.*, 230 F.R.D. 640, 646 (D. Kan. 2005) (quoting Appendix F to *The Sedona Guidelines: Best Practice Guidelines and Commentary for Managing Information & Records in the Electronic Age*).

defeat the Plaintiff's attorney's lien claim. Thus, the requested information is clearly relevant within the meaning of Fed.R.Civ.P. 26(b)(1) ("Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.").

The Defendant's specific discovery requests in its Second Request to Plaintiff for the Production of Documents and Things (Exhibit 4, Defendant's Motion) are for "exact copies (i.e., bit-by-bit mirror images) of the hard drives of each and every computer that was utilized to create, modify, amend or otherwise relates to" the two attorney's lien documents purportedly signed on November 1, 2009[2], as well as mirror images of the computer hard drives relative to documents produced by Karl Haiser and attached emails sent by L. Fallasha Erwin to various members of HFSB's board of directors on January 18, 2010. Finally, Defendant requests exact copies of the hard drives of computers used to send or receive any emails relating to the attorney's lien documents.

The computers in question are the property of Mr. Erwin, an attorney and the sole owner and director of his law firm, Commercial Law Corporation, P.C., the Plaintiff in this case.

In this motion, the Defendant seeks dismissal of Plaintiff's complaint as a discovery sanction under Fed.R.Civ.P. 37, or in the alternative, an order compelling Plaintiff to produce the requested discovery.

## II.   DISCUSSION

### A.   Dismissal

Fed.R.Civ.P. 37(c)(1) provides for sanctions for a party's failure to provide

---

[2] The two attorney's liens relate to two separate parcels of real estate located in Detroit, Michigan.

discovery as required by Rule 26(a). Among the available sanction are "any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Rule 37(b)(2)(A)(v) provides for "dismissing the action or proceeding in whole or in part." Rule 37(c)(1)(C) sanctions are, by the terms of the Rule, addressed to the Court's discretion. Rule 37(c)(1) also instructs that sanctions will not be imposed if "the failure [to produce] was substantially justified or is harmless."

In the past, I have had occasion to remark on the obstructionist conduct of Plaintiff's counsel. In this instance, however, given that as framed, the requests to produce involved the mirror imaging of an attorney's computer–a computer that would almost certainly contain privileged material–Mr. Erwin was justified in lodging an objection.[3] Therefore, I will DENY the Draconian sanction of dismissal. I also DENY Defendant's request for costs and attorney fees associated with this motion.

### B. Request to Compel

As stated above, data and metadata related to the purported attorney's liens is relevant and discoverable. Further, under Fed.R.Civ.P. 34 and 26(b), a forensic search, or imaging of the hard drives of the computers used to generate the documents is an appropriate method to locate and extract that information. *See Capitol Records, Inc. v. Alaujan*, 2009 WL 1292977, *2 (D.Mass. 2009). The request for imaging is therefore GRANTED. The question is how to do so without also disclosing privileged and irrelevant information. I approach this problem with particular care, because these are an attorney's computers.

---

[3] At oral argument, counsel for Defendant acknowledged that some protocol was necessary to protect against disclosure of confidential material, and stated that he attempted unsuccessfully to work out a mutually agreeable procedure with Mr. Erwin. There was disagreement about the relative level of cooperation, but it is not necessary for this Court to resolve that kind of he-said-she-said dispute, given the protocol set forth in this Order.

In fashioning a procedure, this Court does not write on a blank slate. The protocols set forth in *Playboy Enterprises, Inc. v. Welles*, 60 F.Supp.2d 1050, 1054 -1055 (S.D.Cal. 1999), and *Simon Property Group L.P. v. mySimon, Inc*., 194 F.R.D. 639, 641 - 642 (S.D.Ind. 2000), provide a workable template for ferreting out the relevant information while protecting against disclosure of privileged or irrelevant information. In *Playboy Enterprises*, the court directed the parties to agree on a computer expert who would then be appointed by the court to image the defendant's computer. The expert would sign a protective order/confidentiality agreement prior to imaging the computer. The image (presumably on a disk) would be given to defendant, who would extract and produce relevant information, and provide a privilege log for any otherwise relevant information to which privilege was claimed.

A similar procedure was used in *Simon Property Group*. There, the plaintiff was directed to select an expert, subject to defendant's objection, to image the defendant's computer. The expert, who would be appointed by the court, would provide to defendant's counsel all extracted word processing, spreadsheet, emails and similar documents likely to contain relevant material. Defendant's counsel would then produce documents responsive to the plaintiff's discovery requests, subject to claims of privilege.

In the present case, Defendant has made a colorable showing that critical documents may have been backdated by Plaintiff's counsel. If true (and at this point I make no determination of whether it is or not), this fact would cast doubt on the trustworthiness of any assertion of compliance by Plaintiff's counsel. Therefore, for the protection of both parties, I will adjust to above protocols as follows in order to assure the appearance as well as the actuality of integrity. As Ronald Reagan famously said, "Trust but verify."

The parties shall therefore comply with the following procedure:

1. Within 14 days of the date of this Order, or, if timely objections to this Order are filed, within 5 days of the denial of those objections, Defendant's counsel will submit to Plaintiff's counsel and to this Court the name of a computer expert capable of imaging the hard drives of Plaintiff's computer and extracting specific data from the images, along with the *curriculum vitae* of that expert.

2. Within 3 days thereafter, Plaintiff's counsel may file with this Court an objection to Defendant's expert, along with the name and *curriculum vitae* of his own expert. If Plaintiff's counsel fails to timely object to Defendant's expert, any objections will be deemed waived. If Plaintiff's counsel does timely object, the Court will select either Plaintiff's or Defendant's expert to undertake the imaging.

3. The expert shall be appointed by the Court, shall be considered an Officer of this Court, and shall be bound by strict rules of confidentiality. The expert shall not disclose the contents of any documents, files, data or metadata found on Plaintiff's computers to any person or entity other than Plaintiff's counsel and this Court unless specifically ordered to do so, and shall, prior to undertaking the imaging, sign a stipulated protective order and confidentiality agreement. The parties shall agree to the form of such order, and shall submit the proposed order to the Court for approval and entry. To the extent the expert has direct or indirect access to information protected by the attorney-client privilege, disclosure will *not* result in a waiver of the attorney-client privilege.

4. Plaintiff shall make the relevant computers (as described in Defendant's Second Request to Plaintiff for the Production of Documents and Things) available to the expert at Plaintiff's place of business at mutually agreeable time(s). The expert shall use his best efforts to avoid unnecessary disruption to the normal activities or business operations of

Plaintiff. The expert may not remove the computers from Plaintiff's premises. Only the expert and the expert's employees assigned to this task are authorized to inspect of otherwise handle Plaintiff's computer(s). Plaintiff's counsel may of course be present during the imaging, but shall not interfere with the expert's work. The expert shall maintain all information in the strictest confidence and maintain a copy of the mirror images and all recovered data and documents until 60 days after the conclusion of this litigation or otherwise by order of this Court.

     5.  Within 14 days of the imaging of Plaintiff's computer(s), and without disclosure of the images, the expert shall provide the parties and the Court with a report describing the computer(s) that Plaintiff produced as well as the expert's actions with respect to each computer. The report shall include a detailed description of the computer(s) imaged by the expert.

     6.  Once the expert has images of Plaintiff's computer(s), he/she shall recover from the mirror images all available word processing documents, incoming and outgoing email messages, and other files, including metadata, and including but not limited to files that were "deleted" (hereinafter, in its entirety, referred to as "the documents and data") related to the "attorney lien" documents that are the subject of this Motion. The expert shall provide the recorded documents and data in a reasonably convenient and searchable form to Plaintiff's counsel, and to the Court for *in camera* review, along with, to the extent possible, the information showing when any files were created, accessed, copied of deleted, and the information about the deletion and the contents of deleted files that could not be recovered.

     The expert shall also provided Defendant's counsel a notice of service of the documents and data upon Plaintiff's counsel and the Court.

      7.  Plaintiff shall have ten days from the date of service of the recovered documents and data to object to the production of any portion of the documents and data on grounds of privilege. Plaintiff shall serve any such objections on Defendant's counsel, and file the objections with the Court. I will then rule on Plaintiff's objections.

      8. The parties will have 14 days to file objections to my ruling with the District Judge assigned to this case. If no timely objections are filed, or if the District Judge overrules the objections, then I will enter an order directing the expert to produce the documents and data for which the Court has found that no privilege applies, to counsel for Defendant in the same form and content that the expert provided to the Plaintiff and to this Court.

      9. Defendant shall pay the cost of expert.

      Any party may file objections to this Opinion and Order within 14 days, for review pursuant to 28 U.S.C. § 636(b)(1)(a) and Fed.R.Civ.P. 72(a).  This Order is STAYED for 14 days, or until the District Judge rules on any timely objections.

      IT IS SO ORDERED.


                                        s/ R. Steven Whalen  
                                        R. STEVEN WHALEN  
                                        UNITED STATES MAGISTRATE JUDGE  
Date: January 18, 2012


The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 18, 2012.

                                        s/Johnetta M. Curry-Williams  
                                        Case Manager