UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Commercial Law Corporation, P.C.,

    Plaintiff,

Case No. 10-13275

v.

Hon.  Sean F. Cox

Federal Deposit Insurance Corporation,
as Receiver for Home Federal Savings
Bank,

    Defendants.

_____/

OPINION & ORDER GRANTING DEFENDANT'S
MOTION TO STRIKE JURY DEMAND

Plaintiff Commercial Law Corporation, P.C. brought this action against Defendant Federal Deposit Insurance Corporation, as Receiver for Home Federal Savings Bank.  Plaintiff seeks to recover attorney fees for services rendered as Home Federal Savings Bank's general counsel prior to the appointment of Defendant as Receiver for the bank.  The matter is currently before the Court on Defendant's Motion to Strike Jury Demand as to Plaintiff's Attorney Lien Claim.  The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2).  For the following reasons, the Court shall GRANT Defendant's motion.

BACKGROUND

Commercial Law Corporation, P.C. ("Plaintiff" or "CLC") served as general counsel to Home Federal Savings Bank ("HFSB") for over twenty years.  According to CLC, for a period

1

of approximately 18 months, CLC served as HFSB's representative to the U.S. Treasury's Office of Thrift Supervision ("OTS") during a period when HFSB was suffering from inadequate capital reserves. CLC states that "[d]uring this period, CLC agreed with [HFSB] not to invoice for its services because of the negative impact it would have on [HFSB's] capital ratio." (Plf's Resp. at 1).

On November 1, 2009, CLC allegedly received a security interest in real estate belonging to HFSB for the legal services rendered.

On November 6, 2009, HFSB was closed by the Office of Thrift Supervision and, pursuant to federal law, the Federal Deposit Insurance Corporation[1] ("FDIC") became the Receiver for HFSB.

On January 26, 2010, CLC recorded its security interest in HFSB's property.

Pursuant to 12 U.S.C. §§ 1821(d)(3) through (13), CLC submitted an administrative proof claim to the FDIC in an attempt to recover $176,000 for legal services that it allegedly performed for HFSB prior to the bank's failure. The FDIC denied CLC's claim in its entirety and notified CLC of its determination.

On August 18, 2010, CLC filed this claim pursuant 12 § 1821(d)[2], requesting that the Court enter an order awarding CLC its attorney fees incurred in representing HFSB. The case

---

[1] The FDIC, as receiver, is a separate and distinct entity from the FDIC in its corporate capacity.

[2] Pursuant to 12 § 1821(d)(6)(a)(ii), this Court has jurisdiction over the review of a claim against a failing depository institution for which the FDIC has been appointed a receiver under 12 § 1821(c).

was originally assigned to the Honorable Denise Page Hood. CLC also filed a demand for jury trial on November 11, 2010. (D.E. No. 8).

In leu of a response to Plaintiff's Complaint, the FDIC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, a motion for a more definite statement, on October 28, 2010. (D.E. No. 7). CLC's complaint is not very clear as to the legal theories upon which CLC brings its claims. Judge Hood denied the FDIC's motion to dismiss (D.E. No. 15), but held that CLC did not have a valid attorney lien claim. (*See* Transcript of 4/21/11 hrng., Def's Br., Ex. C). Judge Hood also concluded that CLC's only valid claims are: (1) a breach of contract claim; and (2) a security interest claim (the lien) based up on the breach of contract. *Id*.

On November 9, 2011, this case was reassigned to this Court and on December 15, 2011, the FDIC filed the instant motion to strike.

## ANALYSIS

Fed. R. Civ. P. 38(c) provides:

> Specifying Issues. In its demand, a party may specify the issues that it wishes to have tried by a jury; otherwise, it is considered to have demanded a jury trial on all the issues so triable. If the party has demanded a jury trial on only some issues, any other party may – within 14 days after being served with the demand or within a shorter time ordered by the court – serve a demand for a jury trial on any other or all factual issues triable by jury.

FED. R. CIV. P. 38(c).

CLC's jury demand does not specify the issues that it wishes to have tried by a jury. Pursuant to Rule 38, CLC has therefore demanded a jury trial on all the issues triable. The FDIC contends that the Court should strike CLC's jury demand as it relates to its lien claim because

the enforcement of a lien is an equitable measure to which there is no right to a jury trial. CLC, however, asserts that its lien is not an equitable lien because it is based upon a written agreement and enforceable through a breach of contract theory.

It is well-established that the Seventh Amendment guarantees the right to a trial by jury when a party is seeking to enforce its legal rights. *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 659 (6th Cir. 1996) (citing *Curtis v. Loether*, 415 U.S. 189, 193 (1974)); *Hyde Properties v. McCoy*, 507 F.2d 301, 304 (6th Cir. 1974). Thus, equitable claims are not triable by a jury because "suits involving solely equitable rights and remedies are outside the ambit of the [Seventh] Amendment." *Hyde Properties*, 507 F.2d at 304.

In a previous hearing in this case, Judge Hood held, "Based upon a contract theory and not an attorney lien theory, Commercial Law has stated a claim upon which relief may be granted." (Transcript of 1/19/11 hrng. at 24, Plf's Br., Ex. B). Thus, the determinative issue currently before the court is whether the enforcement of CLC's lien, which arises out of a contractual agreement, is a legal or equitable remedy.

Actions to enforce liens are generally actions in equity. *In re Rosenman & Craig*, 850 F.2d 57, 60-61 (2d Cir. 1988) ("In the context of both attorneys' liens and other liens, such actions have repeatedly been regarded as equitable in nature so that no jury right attaches."); see *e.g. AAA Invest v. Taylor*, 2007 WL 1201884 (Mich. App. 2007) (enforcement of statutory tax lien is equitable in nature); *Roger Ingels Leasing, Inc. v. Jo-Rah, LLC*, 2011 WL 3628877 (Mich. App. 2011) (action to enforce construction lien is an equitable claim). "A lien action is presumptively equitable, and a court will enforce and foreclose liens in obedience to the

4

well-settled rules of equity jurisprudence." 53 C.J.S. Liens § 49.

Here, although CLC brings breach of contract claims, CLC also seeks to enforce its lien on the property of HFSB. Thus, CLC's breach of contract claim, a legal claim, may be tried by a jury, but CLC's request to enforce its lien, an equitable claim, must be tried before the bench. *See generally Dairy Queen v. Wood*, 369 U.S. 469, 479 (1962); *see e.g. Malik v. Salamy*, 2007 WL 1224033 at * 1 (Mich. App. 2007) (acknowledging that plaintiffs' legal breach of contract claim was tried by a jury, while plaintiffs' equitable actions to foreclose on construction liens were tried by the judge).

As discussed by the FDIC in its reply brief, CLC seems to confuse "equitable liens" and actions to enforce a lien – an equitable remedy. CLC insists that, because its lien is pursuant to a written agreement, it is not an equitable lien. "Generally, an equitable lien arises from an agreement that both identifies property and shows an intention that the property will be security for an obligation." *In re Estate of Moukalled*, 269 Mich. App. 708, 719 (2006). Absent a written agreement, a court may establish an equitable lien where there is clear intent among the parties to use a specific piece of property as security for a debt. *Senters v. Ottawa Savings Bank, FSB*, 443 Mich. 45, 53 (1993).

Here, neither party asserts that CLC's lien is an equitable lien. The validity of the lien itself is not a question that is currently before the court. Although CLC's lien may not be an "equitable lien," the action to enforce the lien is one in equity. CLC has not provided any authority to suggest that an action to enforce a lien is a legal claim. Accordingly, CLC's request to enforce its lien is outside the scope of the Seventh Amendment, and therefore must be tried by

a Judge.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's Motion to Strike Jury Demand as to Plaintiff's Attorney Lien Claim. (D.E. No. 89).

IT IS SO ORDERED.

      S/Sean F. Cox
      Sean F. Cox
      United States District Court

Dated: March 21, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 21, 2012, by electronic and/or ordinary mail.

      S/Jennifer Hernandez
      Case Manager