UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Commercial Law Corporation, P.C.,

    Plaintiff,

Case No. 10-13275

v.

Hon. Sean F. Cox

Federal Deposit Insurance Corporation,
as Receiver for Home Federal Savings
Bank,

    Defendants.
_____/

## OPINION & ORDER OVERRULING PLAINTIFF'S
## OBJECTIONS TO THE MAGISTRATE JUDGE'S JANUARY 18, 2012 OPINION & ORDER

Plaintiff Commercial Law Corporation, P.C. brought this action against Defendant Federal Deposit Insurance Corporation, as Receiver for Home Federal Savings Bank ("HFSB").[1] Plaintiff seeks to recover attorney fees for services rendered as Home Federal Savings Bank's general counsel prior to the appointment of Defendant as Receiver for HSFB. The matter is currently before the Court on Plaintiff's objections to Magistrate Judge Whalen's January 18, 2012 Opinion and Order denying in part and granting in part Defendant's Second Motion to Compel and for Sanctions. The parties have fully briefed the issues and the Court declines to hold oral argument pursuant to Local Rule 7.1(f)(2). For the following reasons, the Court shall OVERRULE Plaintiff's objections.

---

[1] The FDIC, as receiver, is a separate and distinct entity from the FDIC in its corporate capacity.

1

BACKGROUND

In this case, Plaintiff[2] has continuously asserted that it holds valid liens on two properties belonging to branches of HFSB (the Seven Mile branch and the Woodward branch), and that the documents relating to these liens were executed on November 1, 2009 – five days prior to the commencement of the FDIC's receivership of HFSB. Although Plaintiff is not under any obligation to record the liens (*see* M.C.L § 565.25(2)(c)), the liens were not recorded until January 26, 2010.

On January 18, 2010, Plaintiff sent an email to one of HFSB's former board of directors, Helen Coleman. Plaintiff also copied other HFSB board members to the email sent to Ms. Coleman. One of these board members was Karl Haiser, who produced the email in response to Defendant's subpoena *duces tecum*. In the email, Plaintiff states, "Attached are the documents were [sic] discussed for your execution and my last invoice. Please contact me with questions or comments." (Def's Mtn., Ex. 1). The email also includes attachments titled, "ATTORNEY LIEN - Seven Mile" and "ATTORNEY LIEN - Woodward." (*Id.*). The lien documents attached to the email were blank and not signed by Plaintiff or a representative of HFSB.

On August 29, 2011, Defendant filed a Second Motion to Compel Production of Documents and Things and for Sanctions. (D.E. No. 72). In its motion, Defendant sought dismissal of Plaintiff's complaint as a sanction, pursuant to Fed. R. Civ. P. 37. Alternatively, Defendant sought to compel Plaintiff to produce an exact copy of Plaintiff's computer drives in order to determine the date, time, and location of the creation of lien documents prepared by

---

[2]Attorney L. Fallasha Erwin is the sole owner and officer of Plaintiff Commercial Law Corporation, P.C..

Plaintiff and signed by the Director of HFSB. Specifically, Defendant seeks to obtain a mirror image of Plaintiff's hard drives that contain the metadata of the original lien documents.

Defendant contends that it has reason to believe that the lien documents were prepared in January of 2011, after the FDIC became the receiver for HFSB. First, Defendant notes that Plaintiff did not attach copies and made no mention of its liens on HFSB's properties when it filed its "Proof of Claim" to the FDIC in December of 2009. Second, Defendant contends that the January 18, 2010 email may establish that Plaintiff's lien claims are without merit, and even fraudulent, because the liens may have been executed in January of 2010, but were backdated to reflect that they were executed on November 1, 2009.

Plaintiff filed a response to Defendant's motion on November 26, 2011, asserting that it has already produced hard copies of the documents sought by Defendant in their electronic form, and that Defendant's requests are merely an excuse to fish through Plaintiff's computer.

The Court referred this motion to Magistrate Judge R. Steven Whalen for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).

Magistrate Judge Whalen issued an Opinion and Order on January 18, 2012, granting in part and denying in part Defendant's motion. (D.E. No. 97). Magistrate Judge Whalen denied Defendant's motion to the extent that Defendant sought dismissal of Plaintiff's complaint as a sanction for failing to produce a mirror image of its computer drives. (1/18/12 Opinion at 3). Magistrate Judge Whalen explained:

> [G]iven that as framed, the requests to produce involved the mirror imaging of an attorney's computer – a computer that would almost certainly contain privileged material – Mr. Erwin was justified in lodging an objection. Therefore, I will DENY the Draconian sanction of dismissal. I also DENY Defendant's request for costs and attorney fees associated with this motion.

3

(*Id.*).

Magistrate Judge Whalen held a hearing on this matter on January 12, 2012. (Transcript of 1/12/2012 hrng., D. E. No. 98). Magistrate Judge Whalen granted Defendant's motion to the extent that Defendant sought to compel Plaintiff to produce a mirror image if its computer drives. (*Id.*). In the Opinion and Order, Magistrate Judge Whalen set forth detailed instructions on how the parties were to proceed with obtaining a mirror image of Plaintiff's computer drives such that Plaintiff's privileged materials would be protected. (*See Id.* at 5-7).

On February 1, 2012, Plaintiff filed objections to the Magistrate Judge's January 18, 2012 Opinion and Order. (Objections, D.E. No. 100). Defendant filed a response to Plaintiff's objections on February 15, 2012. (Def's Resp., D. E. No. 103).

ANALYSIS

Plaintiff makes the following objections to Magistrate Judge Whalen's January 18, 2012 Opinion and Order:

> (1) Magistrate Whalen improperly granted Defendant's Second Motion to Compel for the appointment of a forensic computer expert on an allegation of fraud that has basis in nothing more than a suspicion that liens documents were backdated.
>
> (2) Magistrate Whalen failed to properly follow the law and Court Rules on the discovery of electronically stored information by allowing the appointment of a forensic computer expert without a showing that extraordinary circumstances warranted the appointment.
>
> (3) Magistrate Whalen improperly concluded the effect of an inspection [of] CLC's computers without considering all the facts surrounding the security interest granted by Home Federal Savings Bank to CLC.

(Objections at 1).

Plaintiff's first asserts that Magistrate Judge Whalen did not have a proper basis for determining that a forensic analysis of Plaintiff's computer drives was necessary under the circumstances. Plaintiff asserts that the January 18, 2010 email was sent by Plaintiff for informational purposes, and Defendant's theory of fraud is based on speculation and is not supported by evidence. Defendant further contends that the a court must find actual proof of an alleged fraud before granting a party's request for a forensic search of another party's computer.

The Court disagrees with Plaintiff and finds that the Magistrate Judge did not err in ordering that Plaintiff's computer drives be examined by an expert. If the Court had before it "actual proof of an alleged fraud," as Plaintiff contends is required for the Court to grant the computer inspection, the forensic search of Plaintiff's computer would serve no purpose. Contrary to Plaintiff's position, Magistrate Judge Whalen did, in fact, find that extraordinary circumstances warranted the inspection of Plaintiff's computers.

First, under Fed. R. Civ. P. 26(b)(1), "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Additionally, Fed. R. Civ. P. 34 permits parties to "inspect, copy, test, or sample" "any designated documents or electronically stored information – including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations," so long as the data is within the scope of Rule 26(b). FED. R. CIV. P. 26(a)(1). The date Plaintiff executed the security lien is clearly relevant to a defense against Plaintiff's attorney lien claim. Furthermore, in accordance with Rule 26's limitation on the discovery of nonpriveleged material, Magistrate Judge Whalen ordered the parties to follow a strict and detailed plan to ensure that Plaintiff's privileged information is protected.

Second, Defendant's request for a mirror image of Plaintiff's computers are based on more than a mere "hunch," as Plaintiff contends. The Magistrate Judge considered a number of factors in determining that Defendant had sufficient cause for concern regarding the legitimacy of the lien documents. Magistrate Judge Whalen stated:

> I do find that what is being requested – and what is being requested is pretty narrow. It's pretty narrow. It's the attorney lien documents. And I believe you indicated there were two such documents that purport to have been signed and notarized on November 1, 2009.
> I'm satisfied – and again, I'm not making the ultimate credibility determination or the ultimate determination of the merits of this case. But the FDIC has made a sufficient showing that would call into question the legitimacy of those documents and would call into question whether in fact they were created at a later date and then back dated.
> Specifically, you know, you have the e-mails that were sent to – on Ms. Coleman on January 18th of 2010, the blank documents, "Please sign these."
> You have, at best, ambiguous testimony from the Notary. You have the fact that the liens weren't filed until January. And I don't say that's dispositive. You know, there's no legal obligation that he files those liens. But I think it's at least circumstantial evidence that makes the defendant's request for the metadata relevant certainly under Rule 26.
> And in any event, you know the defendant is not bound by the credibility of any of plaintiff's witnesses, be it a notary or be anybody else. So the information is relevant. It's discoverable.

(Transcript of 1/12/12 hrng. at 38-39).

The Courts finds that the circumstantial evidence presented by Defendant is sufficient to warrant a forensic search of Plaintiff's computer. Accordingly, the Court finds that Plaintiff's first objection lacks merit.

Plaintiff's second objection is that Magistrate Judge Whalen erred by granting Defendant's request to conduct a forensic search of Plaintiff's computer despite Defendant's

6

failure to request metadata and specify the format of documents in its first discovery request. Based upon the circumstances of this case, the Court agrees that the best way to obtain the relevant metadata is through a neutral, third-party expert. *See Capital Records, Inc. v. Alaujan*, 2009 WL 1292977 at *2 (D. Mass., May 6, 2009). It is clear from the parties' pleadings that Defendant's concern regarding the legitimacy of the lien documents intensified during the course of discovery. Specifically, Defendant did not obtain the January 18, 2010 email until it deposed Karl Haiser in August of 2011, well after it submitted its first discovery requests to Plaintiff. Thus, the Court finds that Magistrate Judge Whalen did not err by permitting Defendant to obtain the metadata of relevant documents via an expert's forensic search of Plaintiff's computer.

In Plaintiff's third objection, Plaintiff suggests impartiality on the part of Magistrate Judge Whalen. During the January 12, 2012 hearing, Magistrate Judge Whalen emphasized that he was not making any findings as to the merits of Defendant's fraud claim. Instead, he merely held that the information that Defendant seeks through an inspection of Plaintiff's computer is relevant and discoverable. In fact, the record reflects that Magistrate Judge Whalen's greatest concern was implementing a process that protected the rights and privileged materials of Plaintiff. Plaintiff's claims of bias are unfounded and not supported by the record.

Finally, Plaintiff raises additional issues regarding the intent of Plaintiff and HFSB to enter into a lien agreement. Plaintiff contends that, even if the lien agreements are defective, they may be enforced by the Court through an equitable mortgage theory. These are issues that the Court need not consider at this time. In any event, these are issues that do not make the date the lien agreements were executed any more or less relevant to a defense against Plaintiff's lien

claim. Plaintiff's and HFSB's intent to enter into a lien agreement does not change the fact that, if true, Plaintiff knowingly and intentionally submitted fraudulent lien documents to Defendant.

The Court finds that Plaintiff's second and third objections are also without merit.

## CONCLUSION

For the reasons stated above, IT IS ORDERED that Plaintiff's objections (D.E. No. 98) to Magistrate Judge Whalen's January 18, 2012 Opinion and Order (D.E. No. 97) are OVERRULED.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: April 12, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 12, 2012, by electronic and/or ordinary mail.

                                              S/Jennifer Hernandez
                                              Case Manager