UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMMERCIAL LAW CORPORATION,
P.C.,                                                                   No. 10-13275

        Plaintiff,                                            District Judge Sean F. Cox

v.                                                                             Magistrate Judge R. Steven Whalen

FEDERAL DEPOSIT INSURANCE
CORPORATION,

        Defendant.
                                           /

**ORDER FOLLOWING IN CAMERA REVIEW**

Pursuant to the Court's Order of November 16, 2012 [Doc. #171], as amended on November 21, 2012 [Doc. #175], I have conducted an *in camera* review of 597 emails from the time period of October 6, 2009 through February 6, 2012, sent to the Court by Plaintiff's internet service provider. On December 10, 2012, the Plaintiff filed objections to every one of these emails [Doc. #176]. The Plaintiff's objections fall into three categories: "Not relevant," "Attorney/Client Privilege," and "Trial Prep Privilege." While many of Plaintiff's relevance objections are well-taken, a number of emails (33), especially those referencing Home Federal Savings and its Board, and the FDIC, are clearly pertinent to this litigation, and Plaintiff's blanket objection to *every* email suggests a troubling inclination to improperly conceal relevant evidence.

The emails that were sent by Yahoo! were placed on a CD in "mbox" format. The written instructions sent with the CD described "mbox" as follows: "This is the format in which the mailbox is stored on the server.  The messages in the mailbox are placed into a single text file (mbox format). The snapshot may have been supplied to you on a CD or

DVD." The numbered emails specified on Plaintiff's log sometimes include email chains, that is, messages and responses, rather than discrete individual emails. Moreover, while the dates and subject lines in Plaintiff's log correspond to the emails in the text file, the times do not. Fortunately, a word-search function enabled me to match each email or email chain with the corresponding objection.[1]

Based on my *in camera* review, I find that the following emails, listed in Exhibit A of Plaintiff's objections [Doc. #176-1], and objected to on the basis of relevance, are indeed relevant to this litigation under the broad standard of relevance contemplated by Fed.R.Civ.P. 26:

| No. | Date | Title |
|---|---|---|
| 2 | 10-6-09 | Home Federal Savings |
| 3 | 10-6-09 | Board Meeting |
| 12 | 10-6-09 | Home Federal |
| 13 | 10-6-09 | Home Federal |
| 14 | 10-6-09 | Home Federal Savings |
| 16 | 10-7-09 | Home Federal Savings |
| 19 | 10-8-09 | Home Federal Savings |
| 22 | 10-9-09 | Home Federal |
| 25 | 10-9-09 | Draft Presentation for Board Meeting |
| 26 | 10-9-09 | Draft Presentation for Board Meeting |
| 27 | 10-9-09 | Draft Presentation for Board Meeting |
| 38 | 10-13-09 | Home Federal |
| 72 | 10-17-09 | Board Members |
| 82 | 10-19-09 | Home Federal |
| 86 | 10-19-09 | Home Federal |
| 90 | 10-20-09 | Home Federal |
| 91 | 10-20-09 | Home Federal |
| 93 | 10-20-09 | Home Federal Savings |
| 141 | 10-23-09 | Home Federal Savings |
| 146 | 10-24-09 | Home Federal |
| 154 | 10-26-09 | Home Federal |
| 179 | 10-28-09 | Home Federal |
| 180 | 10-28-09 | Home Federal |
| 213 | 11-6-09 | Home Federal Savings |

---

[1] I wish to acknowledge the invaluable assistance of the Court's IT Department in retrieving the text of these emails.

In addition, Plaintiff has objected to certain emails involving Home Federal Savings and the FDIC on the basis of attorney-client privilege. However, as the FDIC correctly notes, once it was appointed receiver to Home Federal Savings, it held the privilege.  12 U.S.C. § 1821(d)(as successor, FDIC succeeds to "all right, titles, powers, and privileges of the insured depository institution"); *see also O'Melveny & Myers v. FDIC,* 512 U.S. 79, 86–87, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994) ("the FDIC as receiver 'steps into the shoes' of the [pre-existing institution], obtaining the rights 'of th[e] institution' that existed prior to receivership"); *Odmark v. Westside Bancorporation, Inc.*, 636 F.Supp. 552m 554 (W.D. Wash. 1986)(as receiver, the attorney-client privilege previously held by the financial institution is transferred to the FDIC).  Therefore, the following emails are discoverable[2]:

| No. | Date | Title |
|---|---|---|
| 3 | 10-6-09 | Special Board Meeting |
| 4 | 10-6-09 | Special Board Meeting |
| 22 | 10-9-09 | Home Federal |
| 146 | 10-24-09 | Home Federal |
| 178 | 10-27-09 | FDIC |
| 199 | 11-3-09 | Home Federal |
| 217 | 11-8-09 | Home Federal Savings/FDIC (½) |
| 227 | 11-10-09 | Home Federal |
| 228 | 11-11-09 | Former Home Federal |

Accordingly, Plaintiff's objections to the 33 above-enumerated emails are overruled. Plaintiff shall, within 14 days of the date of this Order, produce to Defendant's counsel copies of all of the 33 above-enumerated emails.  If a particular numbered email is comprised of an email chain, Plaintiff shall produce the entire email chain.

As to the remaining emails that are not specifically enumerated herein, Plaintiff's objections are sustained.

---

[2] There are, of course, a number of emails, not involving Home Federal Savings, to which the privilege is properly asserted.

#10-13275

Commercial Law Corp., v.
Federal Deposit Ins.
Corp.

IT IS SO ORDERED.

Dated: September 27, 2013        s/R. Steven Whalen
                                 R. STEVEN WHALEN
                                 UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on September 27, 2013, electronically and/or by U.S. Mail.

                                 s/Michael Williams
                                 Case Manager to the
                                 Honorable R. Steven Whalen