UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Commercial Law Corporation, P.C.,
a Michigan Professional Corporation,

    Plaintiff,

v.                                            Case No. 10-13275
                                            Sean F. Cox
Federal Deposit Insurance Corporation,        United States District Court Judge
as Receiver for Home Federal Savings
Bank,

    Defendant.
_____/

## OPINION & ORDER

This case is scheduled to proceed to a jury trial on Plaintiff's claim for $176,000 in unpaid legal fees that it alleges it provided to Federal Home Savings Bank before the bank was placed under receivership by the Federal Deposit Insurance Corporation. This is basically a straightforward breach of contract claim that is proceeding to trial. Nevertheless, the parties have filed a number of motions in limine that demonstrate that this action will continue to be a very contentious case as the action proceeds to trial. All motions in limine that were filed by the parties are addressed in this Opinion and Order.

## BACKGROUND

Plaintiff Commercial Law Corporation, P.C. ("Plaintiff" or "CLC") filed this action against Defendant the Federal Deposit Insurance Corporation, as Receiver for Home Federal Savings Bank ("Defendant" or the "FDIC") on August 18, 2010. CLC claims that it is owed approximately $176,000.00 in unpaid legal fees for work it performed for Home Federal Savings

1

Bank.

L. Fallasha Erwin is the attorney who claims to have provided the legal services to Home Federal Savings Bank on behalf of CLC and he has been the attorney representing CLC since the inception of this case.

The FDIC has changed counsel a few times over the course of this case. Currently, the FDIC is represented by David Breuch and Kevin Fanning at Clark Hill, and by Jeffrey Sandell of the FDIC.

This action was originally assigned to the Honorable Denise Page Hood. The case was reassigned to this Court on November 8, 2011. (D.E. No. 71).

**Witness Lists and Mr. Sandell's Appearance**

The final witness lists filed by the parties were their "Amended Witness Lists" filed on November 22, 2011, and December 4, 2011 (D.E. Nos. 80 & 86-1).

The FDIC filed its Amended Witness List on November 22, 2011. In it, the FDIC did not list Stephanie Sibley, Ellen Chamopoulos, or Robert Turner as witnesses. (D.E. No. 80). It also did not list Gary Haas as either a lay or expert witness.

CLC attempted to file its Amended Witness List on November 29, 2011, as Docket Entry No. 82, but Counsel mistakenly filed a copy of the FDIC's Amended Witness list instead.

That same day, November 29, 2011, Mr. Sandell entered his appearance in this action. (D.E. No. 84).

CLC filed an Errata Sheet on December 4, 2011, attaching CLC's Amended Witness List as Docket Entry No. 86-1). In its Amended Witness List filed on December 4, 2011, CLC named Mr. Sandell with the FDIC as a witness. (D.E. No. 86-1 at 3).

Neither party identified any expert witnesses on their amended witness lists, nor did they identify any employees or agents of Kroll Ontrack ("Kroll") as witnesses.

**Forensic Imaging of CLC's Computers Ordered by Magistrate Judge**

There were numerous disputes that occurred during discovery.

On November 11, 2011, the FDIC filed a motion seeking to compel discovery from CLC. (D.E. No. 72). In that motion, the FDIC asked the Court to compel Plaintiff to produce, for inspection by Defendant's chosen vendor, copies of the computer hard drives that created certain documents that had been produced by CLC. The motion was brought pursuant to Fed. R. Civ. P. 26 and 37. The motion made no reference to Fed. R. Evid. 706, nor did the motion ask the Court to appoint a "court-appointed expert witness." The motion was referred to Magistrate Judge Steven Whalen.

In an Opinion & Order issued on January 18, 2012, Magistrate Judge Whalen granted the motion in part and granted the FDIC's request for imaging of CLC's computers. (D.E. No. 97 at 3). Because the computers belong to an attorney in the case, however, he approached the issue "with particular care" and did not simply allow the FDIC's vendor to image CLC's computers on its own. He established a protocol wherein a "forensic examiner would serve as a court-appointed exert, and would create digital images of Plaintiff's computers. In order to safeguard against the disclosure of privileged material, the expert (in this case, the company selected was Kroll Ontrack, Inc.) was directed to provide the documents and data taken from the computers to the Court for in camera review, and also to Plaintiff's Counsel." (*See* D.E. No. 151, wherein the magistrate judge discusses his actions; *see also* D.E. No. 97). Kroll ultimately completed the forensic imaging of Plaintiff's two computers and provided the Court with documents and data

3

recovered. (D.E. No. 151 at 2). After objections by Plaintiff and rulings on same, the FDIC ultimately was provided with certain documents and data from Plaintiff's computers.

The FDIC did not seek leave to file an amended witness list in order to name Gary Haas, or any other employees of Kroll, as either lay or expert witnesses.

### The Court's Summary Judgment Opinion & The Sixth Circuit's Remand

Following the close of discovery, the FDIC filed a Motion for Summary Judgment, raising a number of challenges. This Court issued an Opinion & Order granting summary judgment in the FDIC's favor, concluding that 12 U.S.C. §§ 1821(d)(9)(A) and 1823 (e)(1) precluded enforcement of CLC's unrecorded fee agreement with the bank. CLC appealed and the Sixth Circuit reversed, concluding that the common-law *D'Oench* doctrine and its statutory progeny do not apply to the alleged legal services agreement that CLC had with the bank. The Sixth Circuit remanded the matter to this Court.

The Sixth Circuit characterized CLC's claim in this action as a "straightforward contract claim for fees" and noted that CLC's alleged liens are a "contingent remedy, available only if CLC prevails on the merits of its fees claim and the FDIC then defaults. Even then, CLC would need to demonstrate the legitimacy of the liens in the face of the FDIC's fraud allegations – something Erwin acknowledged during oral argument." *Commercial Law Corp., P.C. v. F.D.I.C.*, 777 F.3d 324, 333-34 (6th Cir. 2015).

### Joint Final Pretrial Order

On October 6, 2015, the Court entered the Joint Final Pretrial Order ("JFPO") prepared by the parties. (D.E. 215).

In the JFPO, CLC indicated that it will call Mr. Erwin as a witness at trial. (JFPO at 12).

It also identified a number of individuals it "may call" as witnesses at trial, including Mr. Sandell, who is one of the attorneys representing the FDIC in this case. (*Id*. at 14).

In the JFPO, the FDIC indicated that it will call four witnesses at trial, including Mr. Erwin. (*Id*. at 14-15). The FDIC indicates that it "may call" a number of witnesses, including the following:

> 21. Stephanie Sibley
> [Address unknown at this time]
> 22. Gary Haas (Expert)
> [Address unknown at this time]
> 23. Ellen A. Chamopoulos
> [Address unknown at this time]
> 24. Robert Turner
> [Address unknown at this time]

(JFPO at 16).

## ANALYSIS

### A.  Defendant's Motions in Limine

The FDIC filed several motions in limine, which are addressed below.

#### 1.  Motion to Allow Testimony/Evidence Regarding Court-Appointed Forensic Expert (D.E. No. 218)

In this motion, the FDIC asks the Court to issue "an order that Defendant may call Gary Haas, **Court Appointed Expert witness**, as an expert at trial to testify about his findings and present his report." (D.E. No. 218 at Pg ID 4097) (emphasis added). More specifically, "Defendant seeks an Order to confirm that **pursuant to Fed. R. Evid. 706(b)(3)**, Defendant may call Gary Haas, the Court Appointed Expert witness at trial, who will testify about his findings, present his report, and be subjected to cross examination pursuant to Fed. R. Evid. 706(b)(4)." (*Id*. at Pg ID 4105) (emphasis added).

The Court finds this motion without merit. Magistrate Judge Whalen granted a motion to compel, in part, and ordered Kroll to do a forensic review of CLC's computers so that the FDIC could obtain documents from CLC. That review ultimately resulted in the FDIC obtaining certain documents and data from those computers.

But neither the magistrate judge nor this Court appointed a "court-appointed expert witness" pursuant to Fed. R. Evid. 706.[1] As such, this motion, premised on the argument that the Court appointed Haas as a "court-appointed expert witness" under Fed. R. Evid. 706, is denied.

### 2. Motion in Limine to Allow Sibley, Chamopoulos, and Turner To Testify at Trial (D.E. No. 219)

In this motion, the FDIC asks the Court to rule that three witnesses, Stephanie Sibley, Ellen Chamopoulos, and Robert Turner, may testify at trial. The FDIC named those three witnesses as witnesses that it may call at trial for the first time in the Joint Final Pretrial Order (JFPO at 16). All three of those persons are employees of the FDIC. But the FDIC did not name any of those persons on the amended witness list it filed on November 22, 2011 (D.E. No. 80), which was its final witness list. Despite its failure to include them on its witness list, the FDIC makes two arguments as to why it should be permitted to call those witnesses at trial.

---

[1] As courts in the Sixth Circuit have recognized, the "enlistment of court-appointed expert assistance under Rule 706 is not commonplace. *See* Fed.R.Evid. 706, Advisory Comm. Note ('experience indicates that actual appointment is a relatively infrequent occurrence')." *In re Johns-Manville Corp.*, 830 F. Supp. 686, 693 (S.D. N.Y. 1993). Use of Rule 706 "should be reserved for exceptional cases in which the ordinary adversarial process does not suffice," such as "complex mass tort" actions where "epidemiological and other scientific questions are complex and riven with uncertainties and interdependent variables." *Id.*

First, the FDIC argues that it can call those persons as witnesses at trial because CLC, in its Amended Witness list, named "All past or present employees/contractors of Federal Deposit Insurance Corporation" (D.E. No. 86-1 at 3) and the FDIC's Amended Witness List listed "Any and all witnesses listed on Plaintiff witness list" (D.E. No. 80). That argument is nonsense.

Second, the FDIC asserts that even if it did not name these witnesses, it should be allowed to call those witnesses because CLC "was on notice of their existence and the nature of their testimony" because the FDIC "attached Sibley, Chamopoulos, and Turner's affidavits to its motion for summary judgment nearly two full years ago" and those "affidavits allowed Plaintiff to know the identity of these witnesses as well as their proffered testimony well before trial." (Def.'s Br. at 9). That argument ignores the obvious fact that the FDIC filed its Motion for Summary Judgment after discovery, which had been extended already, had finally closed. Thus, CLC could not have deposed those persons.

The Court denies this motion because the FDIC did not identify Sibley, Chamopoulos, or Turner on its witness list. And its failure to identify those witnesses is not substantially justified or harmless. Thus, the Court precludes the FDIC from calling those three persons as witnesses under Fed. R. Civ. P. 37(c).

3.      **Motion in Limine to Exclude Affidavits at Trial (D.E. No. 220)**

In the JFPO, CLC indicated that it intends to introduce a number of exhibits at trial that are either affidavits or deposition transcripts, rather than the live testimony of witnesses. (*See* JFPO at 17). The FDIC, incidentally, also listed a number of affidavits and deposition transcripts in identifying its trial exhibits. (JFPO at 18-19).

In this motion, the FDIC asks the Court to issue an order precluding CLC from introducing several affidavits at trial. The FDIC argues that the affidavits should be precluded because: 1) the affidavits are inadmissible hearsay; 2) some of the affidavits are also inadmissible because the affiant lacks personal knowledge; and 3) Helen Coleman's affidavit improperly attempts to correct and clarify her prior deposition testimony.

First and foremost, the FDIC argues that CLC cannot use these affidavits at trial because they are inadmissible hearsay.

Hearsay is a statement that: 1) the declarant does not make while testifying at the current trial or hearing; and 2) offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Pursuant to Fed. R. Civ. P. 802, "Hearsay is not admissible unless" a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provides otherwise. The burden of showing that a statement fits within a hearsay exception rests with the proponent of that statement. *United States v. Kendrick*, 853 F.2d 492, 496 n.3 (6th Cir. 1988).

Affidavit testimony is "classically categorized as hearsay because such extrajudicial statements are not subject to cross-examination." *Weinstein v. Siemens*, 756 F. Supp.2d 839, 849 (E.D. Mich. 2010, Judge Borman).

In responding to this motion, CLC generally asserts that "Defendant's argument of hearsay rests on the fact it did [not] get the opportunity to cross-examine the affiants," and then argues that because the FDIC did not depose[2] the affiants, "[i]t cannot complain how about how it would be unfair to admit the affidavits." (Pl.'s Br. at 3). CLC offers no authority to support

---

[2] And at least some of the affiants (e.g., Mr. Erwin and Ms. Coleman) were deposed by the FDIC.

that argument – that flies in the face of the Federal Rules of Evidence. There is no rule that allows hearsay affidavits to be used at trial if the opposing party failed to depose the affiant. That the FDIC could have deposed these affiants does not change the fact that the affidavits are hearsay.

In its response, CLC also asks the Court to admit these affidavits under Fed. R. Evid. 807, the Residual Exception, that provides a residual exception when the statement at issue "has equivalent circumstantial guarantees of trustworthiness." There are no such circumstantial guarantees of trustworthiness at issue here and the Court rejects this argument.

The Court rules that CLC cannot use any of the affidavits at trial unless it: 1) establishes that the statement is not hearsay; or 2) establishes that an exception exists that allows CLC to use the affidavit.

CLC argues that it can use the affidavit of Wilburn Phillips because he is deceased and, therefore, is unavailable. (Pl.'s Br. at 3). Fed. R. Evid. 804 is titled,"Exceptions to the Rule Against Hearsay – When the Declarant is Unavailable as a Witness." The rule provides that a "declarant is considered to be unavailable as a witness if the declarant" "cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness." Fed. R. Evid. 804(a)(4).

Because Phillips is deceased, the FDIC agreed at the November 24, 2015 hearing that CLC may use Phillips's deposition transcript at trial.

At the hearing, Counsel for CLC stated that he would also like to use Phillips's Affidavit for the limited purpose of confirming his signature on the written retainer agreement. But as the FDIC correctly noted at the hearing, this Court struck the retainer agreement (Docket Entry No.

197 at 2, 10-11 & 23) and the Sixth Circuit left that ruling intact. *See Commercial Law Corp.*, 777 F.3d at 326 & 334.

CLC also asserts, without any further explanation or evidence, that Coleman "has had some health issues so there is a serious question if she will be available and may fall within the exception." (Pl.'s Br. at 3). If CLC attempts to use her affidavit at trial, it must establish that the exception applies.

The FDIC's motion also asks the Court to preclude certain affidavits because the affiants lack personal knowledge. The FDIC also opposes CLC using Coleman's affidavit at trial because it contradicts her deposition testimony. The Court need not address such challenges unless the Court first finds that a given affidavit is admissible at trial. These issues are better left for trial.

    4.  **Motion in Limine to Exclude Exhibits Listed by CLC in JFPO (D.E. No. 221)**

In this motion, the FDIC asks the Court to broadly preclude CLC from using a number of exhibits, including affidavits, letters, emails, etc., because the exhibits have multiple layers of hearsay. Notably, the FDIC has also listed a number of similar documents on its own exhibit list. To the extent that either party seeks to use a document that contains hearsay statements at trial, that party will have to establish either a nonhearsay purpose for the evidence or an exception. The Court shall wait and see how the proofs play out before broadly precluding either party from introducing such exhibits. This motion is denied without prejudice.

> 5. **Motion in Limine to Prohibit CLC from Calling Jeffrey Sandell as a Witness at Trial Or, Alternatively, to Strike Him from Plaintiff's Amended Witness List (D.E. No. 222)**

In this motion, the FDIC asks the Court to preclude CLC from calling Jeffrey Sandell as a witness at trial. The FDIC notes that Mr. Sandell is one of its attorneys of record in this case and asserts that he "has no personal knowledge of any underlying fact and no relevant information to offer in this matter." (Def.'s motion at 2). The FDIC asserts that, as one of its attorneys in this case, Mr. Sandell cannot be called to testify unless CLC satisfies the three factors in the *Shelton* test.[3] It asserts that it cannot satisfy any of them, let alone all three. The FDIC also asserts that even if Mr. Sandell had personal knowledge of a relevant issue, and CLC met the *Shelton* test, Mr. Sandell cannot "be compelled to testify unless the FDIC's General Counsel authorizes such testimony." (*Id*. at 3). Finally, the FDIC asserts that CLC named him as a witness as a "thinly-veiled and underhanded effort to force his disqualification as counsel for Defendant." (*Id.*).

In response to this motion, CLC states that "[i]t is important to note that [it] may not call Sandell as a witness" but listed him to preserve its right to potentially call him as a witness. (Pl.'s Br. at 6). CLC states that Mr. Sandell "was the first person and primary person who had contact with CLC and it was not" in the capacity as an attorney in this case. (Pl.'s Response at ¶ 2). CLC's brief and exhibits indicate that Mr. Erwin and Mr. Sandell began communicating regarding CLC's claimed fees back in 2009 – before this case was filed. (*See, e.g.*, D.E. No. 239-2). CLC notes that Mr. Sandell did not file an appearance in this action until November of 2011 and suggests that he did so because he had been listed as a potential witness.

---

[3]Under the *"Shelton* test," a party seeking testimony from a lawyer in a case must show that: 1) no other means exist to obtain the information at issue; 2) the information sought is relevant and nonprivileged; and 3) the information is crucial to the case. *Shelton v. American Motors Corp*., 805 F.2d 1323, 1327-28 (8th Cir. 1986).

Based on what has been presented, the Court does not believe that CLC acted inappropriately in naming Mr. Sandell as a potential witness. Mr. Erwin's initial contact was with Mr. Sandell and he did not know if he would need to call him as a witness or not, so he listed him.

Nevertheless, given the limited issue that is going to trial (i.e., whether CLC is owed $176,000 for unpaid legal fees under the breach of contract claim), this Court does not see how Mr. Sandell could provide any relevant testimony at trial. In the FDIC's brief, the FDIC admits that "Plaintiff timely submitted an administrative claim," to the FDIC. The FDIC did not deny it based on timeliness or some other procedural ground – it denied it on the merits. Moreover, the Court is not reviewing the FDIC's decision or addressing timeliness, claims process, etc. Rather, the jury is going to decide if CLC has a valid breach of contract claim.

CLC's brief does not explain how Mr. Sandell could provide any relevant testimony as to the issues that will be presented to the jury. Rather, CLC argues that Mr. Sandell has relevant knowledge as to how creditors are paid and the amounts that are owed to various creditors. (*See* Pl.'s Br. at 7-9). That information is not relevant to the issues that will be tried to the jury. That goes to CLC's ability to collect if it receives a judgment.

Accordingly, the Court concludes that CLC has not established that Mr. Sandell has any relevant testimony to offer at trial and the Court shall grant the FDIC's motion, ruling that Mr. Sandell cannot be called as a witness at trial.

### B. CLC's Motion in Limine (D.E. No. 223)

Plaintiff filed one Motion in Limine (D.E. No. 223), that raises multiple issues, some of them overlap with the motions filed by the FDIC. They are addressed below.

### 1.      Theory Of Case Appealed to Sixth Circuit

In this portion of the motion, CLC appears to assert that, because this trial is not going to involve the alleged security interests, the FDIC should be precluded from presenting evidence to establish that Erwin backdated the documents he presented to the FDIC in support of CLC's claim.  While the Sixth Circuit did rule that the security lien claim would only need to litigated if CLC prevailed on its breach of contract claim and then the FDIC defaulted, the Sixth Circuit did not foreclose the FDIC from presenting any specific theories; nor did it rule that the FDIC would be precluded from presenting any specific evidence.  This Court therefore fails to see how CLC believes the FDIC is violating the mandate rule.

### 2.      Use of Fraud Allegation

Next, CLC appears to argue that the FDIC should be precluded from defending against CLC's attorney fee claim by arguing that CLC and/or Mr. Erwin engaged in fraud.

CLC argues that the FDIC never argued fraud or disclosed its intent to argue fraud.  In response, the FDIC notes that its affirmative defenses put CLC on notice that it was going to argue that CLC and/or Mr. Erwin engaged in fraudulent activity in relation to the claim. (Def.'s Br. at 4-5).  For example, the FDIC's affirmative defenses (D.E. No. 17) include: unclean hands, that Plaintiff "cannot prove that it ever submitted invoices for legal services to Home Federal Savings Bank, nor that such invoices were a valid indebtedness," and that "Any alleged contract is unenforceable and/or void because of Plaintiff's misrepresentations to Home Federal Savings Bank." (*Id*.).  And the FDIC has been arguing fraud by Mr. Erwin/CLC in countless filings throughout this litigation.  The Court concludes that the FDIC did not improperly raise this defense for the first time in the Joint Final Pretrial Order.  Indeed, in the appellate decision, the

Sixth Circuit noted "we have no reason to doubt that the FDIC can assert fraud and other fact-based defenses in disputing its" liability for the alleged fees owed. *Commercial Law Corp., P.C. v. F.D.I.C.*, 777 F.3d 324, 333-34 (6th Cir. 2015).

### 3. Use of Gary Haas as an Expert Witness

This issue is addressed in the section discussing the FDIC's Motion in Limine regarding Gary Hass. As stated above, the FDIC's motion seeking a ruling that it can call Haas and use a report or affidavit from him was based on his allegedly having been a court appointed expert witness – an argument this Court rejected above.

Here, in CLC's motion, it asserts that the FDIC cannot call Haas as a witness at trial because the FDIC did not name him as a witness or disclose its intent to use him as a witness until after discovery ended. CLC has a valid argument. The FDIC did not name Haas as either a lay or expert witness on its Amended Witness List. And the FDIC did not seek leave to amend its witness list after the forensic review.

Notably, the FDIC is asking the Court to show no forgiveness to CLC for the slightest technical violations – for example it asked the Court to strike CLC's response to motions in limine because they were filed one day late, even though this Court's docket manager advised Defense Counsel that CLC had technical difficulties with the electronic filing system and was awaiting a call back from the Help Desk – yet the FDIC wants to be able to call witnesses at trial that it never included on its witness list. The Court precludes the FDIC from calling Haas as a witness at trial.

### 4. Claim that CLC Contract was Contingent on Capital Ratio

In this portion of its motion, CLC asserts that the FDIC raised the defense that CLC's contract was contingent upon improved capital ratio was improperly raised after discovery, for the first time in the pretrial order. That is not the case. First, as the FDIC notes, CLC itself appears to have raised this as having been part of the alleged contract by virtue of the complaint and the affidavit attached to it. (*See* Exhibits attached to D.E. No. 1) (Coleman's Affidavit, stating that the Board agreed "that Commercial Law would delay its billing until after the Bank's capital ratio improved . . ."). Second, the FDIC has taken the position that was a condition of the contract throughout this litigation.

CLC also appears to argue that the Sixth Circuit "determined CLC's contract was not a conditional agreement but merely a condition of deferral. (Footnote 7)." (Pl.'s Br. at 6). That is not true. It simply stated, in a footnote that related to the FDIC's argument that it did not know that CLC was providing services to the bank during the time period at issue, that viewing the facts in the light most favorable to Plaintiff (because it was a summary judgment ruling that was being reviewed), "CLC merely agreed to defer collecting attorneys' fees while the bank was in trouble." The Sixth Circuit did not make any rulings as to whether the alleged contract was a conditional agreement.

### 5. Claim that CLC Agreed to Work Without Pay after May of 2008

In this section, CLC appears to argue that the FDIC should be precluded from arguing that CLC agreed not to bill for its services – again based upon the Sixth Circuit's footnote number 7 in the appellate decision. The Court rejects this argument. The Sixth Circuit did not make any factual determinations, nor did it foreclose this argument.

  **6.**  **Use of FDIC Witnesses Not Properly Disclosed**

Plaintiff claims that the FDIC did not disclose three witnesses, Stephanie Sibley, Ellen Chamopoulos, and Robert Turner, until the FDIC listed them on the Final Pretrial Order. (Pl.'s Motion at 4; Pl.'s Br. at ). That motion is addressed above.

## CONCLUSION & ORDER

As set forth above, the Court hereby ORDERS that:

1)  Docket Entry No. 218 is DENIED;

2)  Docket Entry No. 219 is DENIED;

3)  Docket Entry No. 220 is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART;

4)  Docket Entry No. 221 is DENIED WITHOUT PREJUDICE;

5)  Docket Entry No. 222 is GRANTED;

6)  Docket Entry No. 223 is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

             S/Sean F. Cox
             Sean F. Cox
             United States District Judge

Dated: November 24, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2015, by electronic and/or ordinary mail.

             S/Kelly Winslow for Jennifer McCoy
             Case Manager Generalist