UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Commercial Law Corporation, P.C.,
a Michigan Professional Corporation,

    Plaintiff,

v.                                                Case No. 10-13275

Federal Deposit Insurance Corporation,        Sean F. Cox
as Receiver for Home Federal Savings         United States District Court Judge
Bank,

    Defendant.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR LEAVE TO
RECOVER ATTORNEY FEES AND INTEREST (D.E. NO. 254) AND
GRANTING PLAINTIFF'S MOTION FOR REVIEW
OF COSTS TAXED (D.E. NO. 258)**

On March 13, 2014, this Court issued a Judgment in favor of Plaintiff Commercial Law Corporation, P.C. ("Plaintiff" or "Commercial Law") that stated:

> As stipulated by the parties on the record this date, the Court hereby enters Judgment in favor of Plaintiff Commercial Law Corporation, P.C. and against the Federal Deposit Insurance Corporation, as Receiver for Home Federal Savings Bank, in the amount of $176,750.00, with any interest, costs, and attorney fees to be determined by the Court.[1]

(D.E. No. 253). Thereafter, Commercial Law filed two different motions: 1) a Motion for Leave to Recover Attorney Fees, Interest and Have Costs Taxed to Defendant FDIC (D.E. No. 254);

---

[1] As set forth on the record this date, the Court notes that the FDIC contends that the Judgment is satisfied by tendering a receiver's certificate in the amount of $176,750.00 to Plaintiff. Plaintiff disagrees. The parties also dispute whether Plaintiff may recover any interest, costs, or attorney fees under applicable law.

and 2) Commercial Law's Motion For Review Of Costs Denied By Clerk (D.E. No. 258). The motions were heard by the Court on July 21, 2016. As set forth below, the Court shall deny the first motion because, for several reasons, Commercial Law is not entitled to an award of attorney fees or interest in this matter. The Court shall grant the second motion to the extent that the Court shall award Commercial Law additional costs in the amount of $855.85 that were not awarded by the Clerk of the Court when it taxed costs on April 13, 2016.

## BACKGROUND

This 2010 case has a long and contentious history. Only the relevant background facts are included here.

On November 6, 2009, Home Federal Savings Bank ("the Bank") was closed by the Office of Thrift Supervision and the Federal Deposit Insurance Corporation ("FDIC") was appointed as the Bank's receiver.

Thereafter, Commercial Law submitted a timely administrative proof of claim to the FDIC seeking payment of $176,750 in attorney fees for services that had been performed for the Bank. In June of 2010, the FDIC disallowed Commercial Law's administrative claims in its entirety, prompting this litigation.

Commercial Law filed this action on August 18, 2010. Commercial Law's complaint asks this Court to award Commercial Law "its attorney fees as invoiced plus attorney fees and costs" incurred in this action. (Docket Entry No. 1 at Pg ID 3).

There were numerous discovery disputes that delayed the progression of this action. This Court extended the dates contained in the Scheduling Order several times. Ultimately, the Court set a final date of October 25, 2013 for the filing of dispositive motions.

The FDIC filed a Motion for Summary Judgment on October 25, 2013. This Court granted summary judgment in favor of the FDIC in an Opinion & Order issued on February 4, 2014. Thereafter, Commercial Law appealed. The Sixth Circuit reversed and remanded in *Commercial Law Corp., P.C. v. F.D.I.C.*, 777 F.3d 324 (6th Cir. 2015). The Sixth Circuit also awarded Commercial Law costs of $505.00 against the FDIC.

At a Status Conference held after the mandate issued, Counsel for both parties inquired about filing additional dispositive motions. Due to the very late stage of this litigation, the Court issued an order on June 30, 2015, providing that any party who wishes to file a dispositive motion must file a motion seeking leave to do so. (Docket Entry No. 210). Soon after, both parties sought leave to file untimely dispositive motions. On August 13, 2015, this Court denied leave to file both motions. (*See* Docket Entry No. 214).

Thereafter, the parties agreed to a Joint Final Pretrial Order (Docket Entry No. 215). After submitting the Joint Final Pretrial Order, the parties then filed a number of motions in limine, that were decided by the Court. The parties have also filed their trial materials, including trial briefs, proposed voir dire, and proposed jury instructions. A jury trial was scheduled to begin on Tuesday, March 15, 2016.

On March 3, 2016, the FDIC filed "FDIC-R's Motion to Dismiss Case Pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3)." (Docket Entry No. 248). In this motion, the FDIC asserted that on March 3, 2016, the FDIC "tendered to the Plaintiff a receiver's certificate" in the amount of $176,750. The FDIC asserted that this Court should dismiss this case because the FDIC has provided Commercial Law with all the relief that Commercial Law could obtain in this action.

On March 14, 2016, this Court held a Mandatory Trial Conference with the parties. Later

that same day, the Court issued a Judgment in favor of Commercial Law that stated:

> As stipulated by the parties on the record this date, the Court hereby enters Judgment in favor of Plaintiff Commercial Law Corporation, P.C. and against the Federal Deposit Insurance Corporation, as Receiver for Home Federal Savings Bank, in the amount of $176,750.00, with any interest, costs, and attorney fees to be determined by the Court.[2]

(D.E. No. 253).

Thereafter, Commercial Law filed two different motions: 1) a Motion for Leave to Recover Attorney Fees, Interest and Have Costs Taxed to Defendant FDIC (D.E. No. 254); and 2) Commercial Law's Motion For Review Of Costs Denied By Clerk (D.E. No. 258). The FDIC filed a response opposing the first motion. It did not file a response opposing the second motion. A hearing was held on July 21, 2016.

## ANALYSIS

### I. Commercial Law's Motion for Leave To Recover Attorney Fees, Interest and Have Costs Taxed To Defendant FDIC (D.E. No. 254)

In this motion, Commercial Law argues that it is entitled to attorney's fees, costs, and interest. Each category shall be addressed separately.

#### A. Costs (Other Than Attorney's Fees)

Although this motion referenced "costs" (as opposed to attorney's fees) (*see* Pl.'s Br. at 2), this motion did not make specific requests as to costs. Commercial Law did that in the Bill of Costs it submitted, which will be addressed separately, in Section II of this Opinion & Order.

---

[2]As set forth on the record this date, the Court notes that the FDIC contends that the Judgment is satisfied by tendering a receiver's certificate in the amount of $176,750.00 to Plaintiff. Plaintiff disagrees. The parties also dispute whether Plaintiff may recover any interest, costs, or attorney fees under applicable law.

### B. Attorney's Fees

Commercial Law also seeks an award of attorney's fees. It asks the Court to award it a total of $291,460.00 in attorney fees. Commercial Law contends that it is entitled to an award of attorney fees under 28 U.S.C. § 2412(b).

The FDIC opposes the motion and asserts a number of reasons why Commercial Law's request for attorney fees should be denied.

As explained below, the Court concludes that it may not award Commercial Law any attorney fee's in this action under the applicable law.

28 U.S.C. § 2412, governs awards of costs and attorney fees when the Government is a party and provides, in pertinent part:

> (b) ***Unless expressly prohibited by statute***, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his or her official capacity in any court having jurisdiction of such action. The United States shall be liable to such fees and expenses ***to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.***
>
> . . . .
>
> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, ***unless the court finds that the position of the United States was substantially justified*** or that special circumstances make an award unjust.
> . . . .
> (C) The court, in its discretion, may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412 (emphasis added).

### 1. The Court Will Not Award Attorney Fee's Under Either Of The Potentially Applicable Provisions Of The Equal Access To Justice Act.

Under the "bedrock principle' known as the "American Rule," "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 253 (2010).

"In 1980, Congress enacted the Equal Access to Justice Act ("the [EAJA]"), *supra*, whereby private parties may recover attorney's fees from the Government under certain circumstances." *Trident Marine Const., Inc. v. District Engineer, U.S. Army Corps of Engineers, Detroit Dist.*, 587 F.Supp. 799, 803 (W.D. 1984). There are two provisions in the EAJA that could potentially apply here: 1) § 2412(b); and 2) § 2412(d)(1)(A).

#### a. There Is No Basis For The Court To Award Fees Under § 2412(b).

"§ 2412(b) of the EAJA codifies the American Rule and its exceptions by making the Government liable for fees and expenses to the same extent that a private party would be liable under the common law." *Trident Marine Const., Inc.*, 587 F.Supp. at 803. That is, § 2412(b), by its express terms, only allows an award of attorney fees against a government agency such as the FDIC "to the same extent that any other party would be liable under the common law or under the terms" or some other statute which specifically provides for such an award, such as how § 1983 and Title VII authorize attorney fee awards to prevailing parties.

But this was a breach of contract case. Commercial Law has not identified any statute that would allow for an award of attorney fees in this breach of contract case. Moreover, it is well established under the common law that attorney fees are not permitted in a breach of

contract case unless expressly provided for under the contract. Commercial Law has neither asserted nor established that the alleged contract at issue in this case included such a provision. As such, this Court is not authorized to award attorney fees to Commercial Law in this action under § 2412(b).[3]

### b. The Court May Not Award Fees Under 28 U.S.C. § 2412(d)(1)(A) Because The FDIC's Position In This Litigation Was Substantially Justified.

Next, the Court considers whether an award would be appropriate under § 2412(d)(1)(A), which "provides that the Court shall award eligible, prevailing, private parties attorney's fees and expenses except where the "court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."

As a threshold matter, Commercial Law must first qualify as a small business under the EAJA, 28 U.S.C. § 2412(d)(2)(B), which it clearly does. Second, Commercial Law must be a "prevailing party" in this lawsuit, which it is, by virtue of having a judgment issued in its favor for the full amount of its claim. The problem for Commercial Law is that it must establish that the FDIC's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

As Commercial Law notes in its Reply Brief (D.E. No. 260 at Pg ID 5422), to be "substantially justified," the FDIC's position in the litigation must only have a reasonable basis in law or fact.

Here, there can be no question that the FDIC's position in this litigation met that standard

---

[3]Notably, this is the same result that would have occurred if Commercial Law had brought the breach of contract case against the Bank (ie., it would not have been awarded attorney fees even if it prevailed on a breach of contract claim against the Bank itself).

where this Court actually granted summary judgment in the FDIC's favor and, upon remand, the breach of contract claim was proceeding to a jury trial because there were factual issues that had to be decided by a jury as to the breach of contract claim. Accordingly, the Court declines to award attorney fees under § 2412(d)(1)(A).[4]

### c.     In Addition, An Award Of Attorney's Fees Against The FDIC Appears To Be Prohibited By Statute.

In addition, although there is no Sixth Circuit authority directly on point, the FDIC has advanced a solid argument that an award of attorney fee's against the FDIC in this action, wherein it is acting a receiver for a failed bank, is prohibited by two statutes: 1) 12 U.S.C. § 1821(i)(2), which provides that the "maximum liability of the Corporation, acting as receiver or in any other capacity, to any person having a claim against the received or the insured depository institution for which such receiver is appointed shall equal the amount such claimant would have received if the Corporation had liquidated the assets and liabilities of such institution;" and 2) 12 U.S.C. § 1825(b)(3), which provides that the FDIC, when acting as a receiver, "shall not be liable for any amounts in the nature of penalties or fines."

### d.     In Addition, There Is Persuasive Case Law Indicating That The EAJA Does Not Apply To The FDIC Acting As Receiver For A Failed Bank.

In addition, although there is no Sixth Circuit authority on point, the FDIC has advanced a solid argument that EAJA does not apply to the FDIC where, as here, it is acting a receiver for

---

[4]Nevertheless, the Court understands Plaintiff's Counsel's frustration. After litigating this case for more than five years, including an appeal and remand, on the eve of trial the FDIC offered to provide Plaintiff the receiver's certificate that it could have provided at the beginning of this case. While this strikes this Court as a colossal waste of the FDIC's resources, at the end of the day, the FDIC has had viable defenses to Plaintiff's claims throughout the case. Its position was substantially justified.

a failed bank. This issue was addressed in *Schock v. FDIC*, 118 F.Supp.2d 165 (D. R.I. 2000). In that case, the issue presented was whether the FDIC qualifies as a federal agency when it is acting in its capacity as a receiver of a failed federal bank, for purposes of an award of attorney fees under the EAJA. The district court concluded that the FDIC does not qualify as a federal agency under such circumstances. In doing so, it explained:

> Plaintiff bases her motion for attorneys' fees on subsection 2412(d), arguing that all requirements for an award of fees pursuant to this provision have been met. Defendant FDIC–Receiver objects, arguing that the EAJA is inapplicable because plaintiff's claim was against Old Stone, not against an agency of the United States. Therefore, the critical issue before this Court is whether the FDIC–Receiver qualifies as an agency of the United States for purposes of the EAJA. For the reasons that follow, this Court concludes that it does not.
>
> The Federal Deposit Insurance Corporation was created during the economic and banking crises of the early 1930s, and is charged with maintaining public faith in the national banking system through a system of deposit insurance. *See generally* 2 Robert M. Taylor, III, Banking Law § 41.02 (describing the formation and powers of the FDIC). The performance of this task, however, requires the FDIC to act in two distinct capacities—as an insuring corporation and as a receiver. In its corporate capacity, the FDIC acts as the insurer of deposits in all federally insured banks, and each depositor is insured for up to $100,000. *See* 12 U.S.C. § 1821(a)(1). In its capacity as a receiver, the FDIC liquidates and winds up the affairs of failed federal banks. *See id.* at § 1821(c)(2)(A)(ii). The division of labor between FDIC in its two capacities is so distinct that they are considered separate legal entities, and "Corporate FDIC is not liable for wrongdoings by Receiver FDIC" or vice-versa. *Fed. Deposit Ins. Corp. v. Roldan Fonseca*, 795 F.2d 1102, 1109 (1st. Cir. 1986).
>
> While both sides of the FDIC perform valuable functions, it is the FDIC acting in its corporate capacity that carries out the primary function of the FDIC and actively implements the policy of the federal government. When the FDIC acts in its capacity as a receiver, its main objective is not to carry out governmental policy, but to distribute the assets of the failed bank for the benefit of the bank's depositors and creditors.
>
> In the course of liquidating or winding up the affairs of a failed federal bank, the FDIC steps into the shoes of the bank and succeeds to all rights and liabilities of the bank. *See* 12 U.S.C. § 1821(d)(2)(A). In addition, the FDIC acting as receiver performs all functions in the name of the bank. *See id.* at § 1821(d)(2)(B). The

> FDIC then marshals the assets of the failed bank and distributes them to the bank's depositors and other creditors. *See id.* at § 1821(d)(11). If there are any funds remaining after all claims of creditors and administrative expenses have been paid, those funds are paid to the bank's shareholders or members. *See id.* Thus, all actions taken by the FDIC in its role as receiver are done on behalf of the bank and for the benefit of the bank's depositors and creditors.
>
> In light of the FDIC's purpose and its organizational framework, it becomes apparent that when the FDIC is acting as a receiver it is performing a function normally accomplished by a private entity rather than a federal agency. As a receiver, the FDIC does not act on behalf of the United States government, and it does not perform any function unique to the federal government. Instead, it acts on behalf of the failed bank in the interest of that bank's creditors. While this alone would support this Court's conclusion that application of the EAJA to the FDIC acting as receiver is inconsistent with the purpose of the EAJA, relevant case law in this Circuit and the facts of this case also weigh against its application.

*Schock v. FDIC*, 118 F. Supp.2d at 169.

The plaintiff appealed the district court's denial of the motion for attorney's fees and the First Circuit affirmed. *Schock v. United States*, 254 F.3d 1 (1st Cir. 2001). In doing so, however, the First Circuit declined to reach the issue. The court stated that:

> Whether the EAJA applies to a contract claim against the FDIC when it acts as a receiver of a bank—that is, whether the FDIC as receiver acts as an agency of the United States for EAJA purposes or merely functions like a private-sector receiver or bank—is a difficult question. It is difficult because what is an "agency" of the United States for EAJA purposes is not a self-defining term, and there are differing and conflicting policy objectives that are relevant to determining congressional intent.

*Schock v. United States*, 254 F.3d at 5. The First Circuit declined to reach the issue, preferring to "resolve the less problematic question whether the FDIC-Receiver's litigation position was 'substantially justified.'" *Id*. The First Circuit then affirmed the district court's denial of the motion for attorney's fees because it concluded that the plaintiff could not receive an award of attorney fees under the EAJA in that case in any event because the FDIC's position in the

litigation was substantially justified. *Id*. at 5-8.

Accordingly, the First Circuit declined to reach this question, and this Court has not found any authority to indicate that the Sixth Circuit has addressed this issue either. That said, this Court does find the reasoning by the district court persuasive. This ground is an additional reason for denying the request for attorney fees.[5]

### 2. Commercial Law's Argument That It Should Be Awarded Fees As A Discovery Sanction Against The FDIC Is Entirely Without Merit.

As a last-ditch effort, Commercial Law's motion also suggests that the Court should award it attorney fee's as a sanction for discovery violations by the FDIC. (Pl.'s Br. at 14-15). This argument is entirely without merit. Counsel for Commercial Law is the party that failed to cooperate during discovery and Commercial Law was the party that was sanctioned for discovery violations during this case, not the FDIC. And it is far too late now – post-judgment and *years* after discovery closed – for Commercial Law to raise claims that the FDIC somehow failed to comply with its discovery obligations.

### C. The Court Shall Deny Commercial Law's Request For Interest.

---

[5]In addition, even if there were some basis for an award under the EAJA, this Court would be inclined to deny or reduce an award based on Commercial Law's conduct during discovery. The EAJA provides that this Court "in its discretion, may reduce the amount to be awarded" "or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). This Court's February 4, 2014 Opinion & Order detailed the history of this case, and the protracted discovery, and stated that "[t]o say that Plaintiff's Counsel has 'played games' and failed to cooperate during discovery is being charitable." (D.E. No. 197 at Pg ID 3878). Although Commercial Law's Counsel has not engaged in such conduct following remand, this Court concludes that his conduct during discovery would warrant a denial or reduction of fees, if such an award were permissible.

Although Commercial Law's Complaint did not request either prejudgment or postjudgment interest, its motion asks the Court to award it interest now. The Court declines to do so.

Several circuits that have addressed the issue have held that sovereign immunity bars an award of interest against the FDIC. *See, e.g. Battista v. F.D.I.C.*, 195 F.3d 1113, 1120-21 (9th Cir. 1999); *Resolution Trust Corp. v. F.D.I.C.*, 25 F.3d 1493, 1506 (10th Cir. 1994); *Far West Federal Bank, S.B. v. Office of Thrift Supervision - Director*, 119 F.3d 1358, 1366-67 (9th Cir. 1997). In *Far West*, the Ninth Circuit explained that "[s]overeign immunity generally bars an award of interest against a federal agency 'unless Congress affirmatively mandates that result' (ie., unless Congress expressly waives immunity with respect to interest). *Library of Congress v. Shaw*, 478 U.S. 310, 316, 106 S.Ct. 2957, 2962, 92 L.Ed.2d 250 (1986)." *Far West*, 119 F.3d at 1366. Because the FDIC is not a commercial entity, and because Congress has not explicitly waived its immunity against interest, the Ninth Circuit held the FDIC was not subject to an interest award. *Id*. at 1367. While that case and others were dealing specifically with a request for prejudgment interest, the same rationale applies to an award of post-judgment interest.

Moreover, Commercial Law has not provided the Court with any Sixth Circuit authority that support its position that an award of interest can be made against the FDIC in this case, where it is acting as a receiver for a failed bank.

Accordingly, the Court shall deny Commercial Law's request for an award of interest against the FDIC in this action, where it was acting as receiver for a failed bank.

II. **Commercial Law's Motion For Review Of Costs Denied By Clerk (D.E. No. 258)**

Rule 54(d)(1) of the Federal Rules of Civil Procedure governs the allowance of costs other than attorney's fees and provides:

> **(d) Costs; Attorney's Fees.**
>
> **(1) Costs Other Than Attorney's Fees.** Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party. *But costs taxed against the United States, its officers, and its agencies may be imposed only to the extent allowed by law.* The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

Fed. R. Civ. P. 54(d)(1) (emphasis added).

Here, there can be no doubt that Commercial Law is a "prevailing party" in this case as a judgment in its favor was issued by the Court in the entire amount sought by Commercial Law.

The language emphasized above could be read as suggesting that costs against the FDIC may not be allowed. But the Court notes that the FDIC has *not* made that argument in response to *this motion* – that costs (as opposed to attorney fees) may not be taxed against it. And Commercial Law has directed the Court to 28 U.S.C. §2412(a)(1) – which provides that "[e]xcept as otherwise specifically provided by statute," "costs, as enumerated in section 1920" "may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States . . ." Moreover, the Court notes that the Sixth Circuit taxed costs against the FDIC as to the direct appeal. This Court therefore concludes that it may tax costs against the FDIC in this case.

On April 11, 2016, Commercial Law submitted a Bill of Costs (D.E. No. 255) wherein it asked the Clerk to award: 1) $355.00 for "Fees of the Clerk;" 2) $1,012.30 for "Fee for printed or electronically recorded transcripts necessarily obtained for use in the case;" 3) $20.00 for

13

"Docket fees under 28 U.S.C. 1923;" 4) $505.00 for "Costs as shown on Mandate of Court of Appeals."

On April 13, 2016, the Clerk awarded Commercial Law $350.00 for the civil filing fee, along with $505.00 for the Costs on Mandate of Appeal, for a total of $855.00. (D.E. No. 257). The Clerk denied all other costs requested by Commercial Law. The Clerk provided the following comments regarding the denied costs:

| | |
|---|---|
| Fees of the Clerk: $5.00 | Bill of Costs does not document what the $5.00 in clerk fees pertains to. (See Bill of Costs Handbook, Section I, C, page 2.) |
| Court Reporter Fees: $1,012.30 | Bill of Costs does not document how the corresponding deposition transcripts and motion hearing transcripts were used. (See Bill of Costs Handbook, Section II, C, page 3.) |
| Docket Fees: $20.00 | Bill of costs does not document what the $20.00 in docket fees pertains to. (See Bill of Costs Handbook, Section I, C, page 2.) |

(D.E. No. 257 at Pg ID 5374).

On April 18, 2016, Commercial Law filed a "Motion For Review Of Costs Denied By Clerk" (D.E. No. 258) wherein it asks this Court to award it an additional $855.85 for deposition and hearing transcripts that it claims were used in support of motions in this case.

Pursuant to 28 U.S.C. § 1920, allowable costs include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

"'Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.'" *Sutter v. General*

14

*Motors Corp.*, 100 F. A'ppx 472, 475 (6th Cir. 2004) (quoting *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989)).

The FDIC has not filed a response to Commercial Law's Motion for Review Of Costs Denied By Clerk. Thus, the FDIC has not argued that the transcripts at issue were not reasonably or necessarily incurred in the case.

Nevertheless, the Court has reviewed the transcripts that Commercial Law seeks payment for, and what they were used for in the case, and finds that they were reasonably incurred in the case. For example, Helen Coleman's deposition transcript was used as an exhibit to Plaintiff's response to the FDIC's Motion for Summary Judgment. (D.E. No. 188-17). The Court shall award Commercial Law the entire amount of $855.85 that it seeks in its unopposed Motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion seeking an award of attorney's fees and interest in this matter (D.E. No. 254) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Review of Costs Denied By Clerk (D.E. No. 258) is GRANTED to the extent that the Court awards Plaintiff an additional $855.85 in costs, for a total of $1,710.85 in costs awarded to Plaintiff in this action.

IT IS SO ORDERED.

                                                          S/Sean F. Cox
                                                          Sean F. Cox
                                                          United States District Judge

Dated: July 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 28, 2016, by electronic and/or ordinary mail.

                              S/Teresa McGovern
                              Case Manager Generalist